**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7884**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIKLE ANTHONY BUTLER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:17-cr-00468-RBH-1; 4:19-cv-00849-RBH)

Submitted:  July 29, 2022                                    Decided:  September 30, 2022

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Mikle Anthony Butler, Appellant Pro Se.  Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mikle Anthony Butler seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Butler has not made the requisite showing.[*] Accordingly, although we grant Butler's August 12, 2022, and August 19, 2022, motions to supplement his informal brief, we deny a certificate of

---

[*] We decline to consider Butler's challenges to the indictment and the sufficiency of the guilty plea colloquy under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which he pursues for the first time on appeal despite *Rehaif* issuing about one week before Butler mailed his response to the Government's opposition to his § 2255 motion and about five months before the district court entered its order dismissing Butler's § 2255 motion. *See Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 928 (4th Cir. 2022) (explaining circumstances in which we will consider issue raised for first time on appeal in civil case). We have considered Butler's actual innocence claim in light of *Rehaif*, however, and we are satisfied that he is not entitled to a certificate of appealability on that claim.

appealability and dismiss the appeal.  We also grant Butler's September 15, 2022, motion to disregard his August 25, 2022, motion for authorization under 28 U.S.C. §§ 2244, 2255(h), and treat the August 25 motion as withdrawn.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*